UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| In re Osvaldo Amaro, | ) | Bankruptcy Case 20-80051 |
| Debtor. | ) ) ) | |
| Carolyn Bailey, | ) ) | Adversary No. 20-96021 |
| Plaintiff, v. | ) ) ) | Chapter 7 |
| Osvaldo Amaro, | ) ) | Judge Thomas M. Lynch |
| Defendant. | ) ) | |

## MEMORANDUM OPINION

On January 13, 2020, Osvaldo Amaro filed a petition for relief under chapter 13 of the Bankruptcy Code. He later voluntarily converted the case to chapter 7 on February 28, 2020. In his schedules, the Debtor listed, among other things, an unsecured claim held by Carolyn Bailey for an unknown amount that he designated as being contingent, unliquidated and disputed. Ms. Bailey, whom the Debtor identifies as his "former roommate and paramour," has a civil case pending against the Debtor in DeKalb County involving a dispute over the ownership of certain items of personal property. (Debtor's resp. to § 707 motion, Case No. 20-bk-80051, ECF No. 74 at 2.) This state court action was stayed, but the underlying dispute carried over into these bankruptcy proceedings and forms the basis of this adversary proceeding.

Now before the court is the Debtor's motion to dismiss the adversary complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this

proceeding by Bankruptcy Rule 7012.[1] (Case No. 20-ap-96021, ECF No. 4.) The Plaintiff filed a written response following which the court heard oral argument on the motion. For the reasons stated below, the motion is granted without prejudice to filing either an amended complaint or a renewed request for abstention.[2]

## Pleading and Procedural Background

According to the factual allegations in the complaint, which the court accepts as true for purposes of this decision, Ms. Bailey and the Debtor lived together from approximately September 2011 until June 2018. (Compl. ¶ 6.) The Plaintiff alleges that during some unspecified time period, although presumably while they co-habitated, the Debtor used her credit card to incur at least $26,240.24 in charges for which she has not been repaid. (*Id.* ¶ 5.) Ms. Bailey "believes that she is owed at least $26,240.24" as a result of the Debtor's conduct. (*Id.*)

At the time Ms. Bailey began residing with the Debtor in September 2011, "she possessed numerous items of furniture and other personal property." (*Id.* ¶ 6.) These items were either kept in the parties' residence or placed in storage that was "under the control of" the Debtor. (*Id.*) Ms. Bailey also alleges that the Debtor "remains in possession of the items listed in Exhibit A," which is attached to the complaint. (*Id.*)

---

[1] The court assumes that the Debtor's reference to "FRBP 7102(b)" in his motion to dismiss was merely a typographical error.

[2] Ms. Bailey previously requested that the court enter an order of abstention pursuant to 28 U.S.C. § 1334(c)(1) with her objection to certain exemptions claimed by the Debtor. (ECF No. 47.) The chapter 7 Trustee then objected to her request for abstention, noting that he had not yet been able to determine what property the Debtor held or the value of that property. Thereafter, the Plaintiff filed her adversary complaint but failed to name the chapter 7 Trustee as a defendant despite his potential interest in this proceeding. Nevertheless, with due notice of the adversary complaint, the chapter 7 Trustee certified that the estate had been fully administered and filed a report of no distribution, thereby indicating that the Trustee had no further interest in this litigation. (ECF No. 88.)

Although a natural reading of these allegations would imply that Exhibit A is comprised of the furniture and other items of personal property that Ms. Bailey possessed before the parties moved in together, a review of Exhibit A, along with the supporting documentation in Exhibit B, reveals that the vast majority of the items on that list appear to have been purchased after the parties began living together.[3] In either event, according to the complaint, on several occasions Ms. Bailey requested that the Debtor return the property or make it available for her to retrieve, but the Debtor has refused to do so. (*Id.*) The Plaintiff alleges that the value of these items is approximately $25,917.79.

The adversary complaint asserts two "claim[s] for relief." The first seeks a finding that the property listed in Exhibit A (hereinafter, the "Exhibit A Property") belongs to Ms. Bailey and asks the court to order the Debtor to either return the property or allow Ms. Bailey to retrieve it. That count is "based on 11 U.S.C. section 506 and Bankruptcy Rule 7002 [sic]" and incorporates all of the general allegations regarding both the unpaid credit card charges and the unreturned property.[4]

The second claim cites section 523(a)(6) of the Bankruptcy Code to request a

---

[3] The only item on Exhibit A that the Plaintiff has shown was purchased before September 2011 is Item #6 (a 50-inch plasma TV) which she ordered on April 7, 2010. (*See* Compl., Ex. B.) It is also possible that Item #35 (the "silver serving pieces") and Item #36 ("snowboards and downhill skis") were in Ms. Bailey's possession before she moved in with the Debtor, although no specific value is listed for any of these items.

[4] Although the stated values for the alleged unpaid credit card charges ($26,240.24) and the unreturned property ($25,917.79) are similar, there is no indication that these claims overlap, although the court notes that the complaint is far from clear on this point.

determination that "Certain Debts" owed to Ms. Bailey are not dischargeable.[5] Based on the Debtor's "No" response to question 23 on his Statement of Financial Affairs, which asks whether the Debtor holds or controls any property that someone else owns, the Plaintiff alleges that the Debtor "has retained as his own, discarded, sold, destroyed or gave away all or a portion of the property listed on Exhibit A." (Compl. ¶ 9.) The complaint further alleges that she requested that the Debtor return the Exhibit A Property, but that the Debtor never returned it. This conduct is alleged to constitute "willful and malicious conduct [sic] to the property of another entity . . . within the meaning set forth in 11 USC. Section 523(a)(6)." (*Id.* ¶ 10.) For relief, the second count also seeks, among other things, a money judgment "for the proportionate value of the Plaintiff's property on Exhibit A which the [Debtor] retained as his own, discarded, sold, destroyed or gave away." (*Id.* at 5.)

## Discussion

To survive a Rule 12(b)(6) motion to dismiss, a complaint must first "describe the claim in sufficient detail to give the defendant fair notice of the claim and grounds on which it rests." *Cornielsen v. Infinium Capital Mgmt., LLC*, 916 F.3d 589, 598 (7th Cir. 2019); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Notice alone is not enough. A complaint must also "contain sufficient factual matter, accepted as true, to 'state a

---

[5] Because Ms. Bailey "incorporates by reference" all of the allegations from paragraphs 1 through 6 of the complaint into this count (*see* Compl. ¶ 8), it is not clear which of her claims she believes to be non-dischargeable under § 523(a)(6). However, because the remainder of the claim and the prayer for relief seem to focus on the alleged unreturned property listed on Exhibit A, the court will infer that Ms. Bailey is seeking relief under § 523(a)(6) as to that claim only.

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). In other words, a plaintiff "must plead some facts that suggest a right to relief that is beyond the speculative level." *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

When considering a motion to dismiss under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *Johnson v. Enhanced Recovery Co.*, 961 F.3d 975, 980 (7th Cir. 2020). But the court "may reject sheer speculation, bald assertions, and unsupported conclusory statements." *Taha v. Int'l Bhd. of Teamsters, Local 781*, 947 F.3d 464, 469 (7th Cir. 2020). "[A] complaint must plead 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

### Count I: Section 506 and Rule 7001

In his motion to dismiss, the Debtor argues that the Plaintiff's first claim for relief is "completely unclear" and that there are no allegations to suggest that Ms. Bailey is a secured creditor. (ECF No. 4 at 3.) In response, Ms. Bailey contends that she has "adequately pled a claim under 11 U.S.C. Section 506 and Bankruptcy Rule

7001" because the court "can draw an inference that the Defendant is liable for the misconduct alleged when Plaintiff alleged . . . that Defendant refused to return the property." (ECF No. 8 at 4-5.) Close examination of the complaint, however, does not reveal that the Plaintiff's description of her pleading is correct.

The court cannot discern with any clarity what claim the Plaintiff is attempting to allege in her first "Claim for Relief," as she calls it. Accordingly, the court must find that it fails to provide "fair notice of the claim and grounds on which it rests." *Cornielsen*, 916 F.3d at 598. As noted above, the Plaintiff appears to allege here two distinct claims based on unpaid credit card charges and unreturned property, but Ms. Bailey's response indicates that she is only proceeding on the claim concerning the Exhibit A Property. The rules require far more clarity than what the Plaintiff provides. *See U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Adding to the confusion, the Plaintiff purports to bring her first claim under section 506 of the Bankruptcy Code. But while section 506 generally provides for a determination of secured status, the complaint contains no allegations that make it plausible that Ms. Bailey is a secured creditor of the Debtor. Indeed, during oral argument, Plaintiff's counsel conceded that his client does not allege a secured claim, arguing instead that the Plaintiff was "beyond secured" as the owner of the property

in question.[6] The Plaintiff also argues that she properly pled a claim under Rule 7001, but that is a procedural rule which itself does not provide grounds for a cause of action. *See United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010) (explaining that "an adversary proceeding derives from the Bankruptcy Rules, which are procedural rules adopted by the Court for the orderly transaction of its business" (citation omitted)).

Accordingly, the court finds that the Plaintiff's first "Claim for Relief" is confusing and manifestly fails to describe an actionable claim. This count, therefore, must be dismissed.

### Count II: Section 523(a)(6)

Section 523(a)(6) of the Bankruptcy Code excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). "To state a claim under section 523(a)(6), a creditor must allege that (1) the debtor owes a debt resulting from an injury he caused to another entity or that entity's property; (2) his actions were willful; and (3) his actions were malicious." *Groom v. Krook (In re Krook)*, 615 B.R. 479, 487 (Bankr. N.D. Ill. 2020); *see also Aeschliman v. Vraney (In re Vraney),* 2020 Bankr. LEXIS 980 (N.D. Ill., March 31, 2020). An action is "willful" for purposes of § 523(a)(6) when there is "a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Malice requires

---

[6] Although neither party has requested a transcript of the oral argument held on July 29, 2020, the court has reviewed both its own notes and the audio recording from that hearing to confirm the accuracy of the statement quoted above.

that the debtor acted "in conscious disregard of his duties or without just cause or excuse." *In re Calvert*, 913 F.3d 697, 701 (7th Cir. 2019). This is an objective standard and willfulness can be shown either where the "debtor's motive was to inflict the injury, or the debtor's act was substantially certain to result in injury." *Gerard v. Gerard*, 780 F.3d 806, 811 (7th Cir. 2015). Therefore, "to satisfy the requirements of § 523(a)(6), a creditor must plead . . . that the debtor actually intended to harm him and not merely that the debtor acted intentionally and he was thus harmed." *In re Fairgrieves*, 426 B.R. 748, 757 (Bankr. N.D. Ill. 2010).

In his motion to dismiss, the Debtor argues that the allegations in the complaint do not rise to the level of a malicious injury for purposes of § 523(a)(6).[7] In response, the Plaintiff contends that "federal notice pleading does not require the complaint to state specific facts establishing mental state," and that malice can be alleged generally under Rule 9(b). The Plaintiff is correct to recognize that the heightened pleading standard established by Rule 9(b) is limited and expressly provides that "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b) (incorporated by Fed. R. Bankr. P. 7009); *see also McHenry Savings Bank v. Paulsen (In re Paulsen)*, Case No. 90-ap-96006 (Bankr. N.D. Ill, September 1, 2020) at 11. But to withstand a motion to dismiss, the complaint, nevertheless, "must plead some facts that suggest a right to relief that is

---

[7] The Debtor actually goes a step or two further and argues that the court should *sua sponte* sanction opposing counsel under Rule 11. (ECF No. 4 at 4.) The court finds no basis for such a response and reminds counsel for both sides to tone down the rhetoric and personal attacks that do nothing to help the court reach an efficient resolution of this dispute. *See In re Lisse*, 567 B.R. 813, 816 (Bankr. W.D. Wis. 2017) ("Rule 11 sanctions are only to be granted sparingly, and should not be imposed lightly." (citations omitted)); *see also* Fed. R. Bankr. P. 9011(c)(1).

beyond the speculative level." *Dart*, 803 F.3d at 309; *see also Taha*, 947 F.3d at 469 ("[W]hen considering the viability of a claim in the face of a Rule 12(b)(6) challenge, we may reject sheer speculation, bald assertions, and unsupported conclusory statements."). In addition, the federal pleading standards require more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Accordingly, the court agrees that the Plaintiff's second "Claim for Relief" fails to state a claim on which relief can be granted.

Here the Plaintiff alleges what appears to be a conversion claim. This count claims that, despite her demand for its return, the Debtor has wrongfully "retained as his own, discarded, sold, destroyed or gave away" her property listed on Exhibit A. (Compl. ¶ 9.) To state a claim for conversion, a plaintiff must allege: "(1) an unauthorized and wrongful assumption of control, dominion, or ownership by defendant over plaintiff's personalty; (2) plaintiff's right in the property; (3) plaintiff's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property." *Mareskas-Palcek v. Schwartz, Wolf & Bernstein, LLP*, 2017 IL App (1st) 162746, ¶ 14. But alleging conversion, by itself, is insufficient to state a claim under § 523(a)(6):

> With reference to claims of conversion, not every tort judgment for conversion is exempt from discharge. "There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice." *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934) (cited with approval by *Geiger*). Thus, to find conversion of a creditor's property non-dischargeable, there must be an intentional injury.

*In re Scarpello*, 272 B.R. 691, 704 (Bankr. N.D. Ill. 2002).

In her complaint, the Plaintiff attempts to invoke section § 523(a)(6) by alleging that the Debtor's "conduct constituted willful and malicious conduct [sic] to the property of another entity, specifically the property of Carolyn Bailey, within the meaning set forth in 11 USC. Section 523(a)(6)." (Compl. ¶ 10.) As noted above, however, there must be some factual allegations in the complaint to make it plausible that the withholding of the Exhibit A Property was willful and malicious. *Twombly*, 550 U.S. at 570. Without those allegations, "the plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, [and] their complaint must be dismissed." *Id.* Here, the § 523(a)(6) claim might have met the plausibility standard if, for example, the Plaintiff alleged facts showing that the Debtor recognized or acknowledged that the Exhibit A Property belonged to Ms. Bailey coupled with statements made, or actions taken, by the Debtor from which the court could infer an intent to injure Ms. Bailey or her property. But she has not done so. Therefore, as it stands now, it is at best possible—not plausible—that the Debtor's conduct was willful and malicious for purposes of § 523(a)(6), but without more allegations, it is equally possible that the Debtor had a good-faith belief that these items were gifts from the Plaintiff that now belonged to him. This is insufficient to state a claim under § 523(a)(6). *See id.*

In her response to the motion to dismiss, the Plaintiff attempts to circumvent this deficiency by citing the exception to Rule 9(b), arguing that "Rule 9(b) explicitly states that Malice [sic] and other conditions of a person's mind may be alleged generally." However, the fact that malice is not subject to a heightened pleading

standard under Rule 9 does not mean that willfulness and malice need not be supported with factual allegations that make it plausible on its face. *See In re Metzger*, No. 17-11585, 2018 WL 6985674, at *3 (Bankr. S.D. Ohio Sept. 4, 2018) (concluding that, despite Rule 9(b), "the plaintiff still must plead facts about the defendant's mental state, which, accepted as true, make the state-of-mind allegation plausible on its face").[8] Because the Plaintiff has failed to allege any facts to support her allegation of a willful and malicious injury, her second "Claim for Relief" must also be dismissed.

## Conclusion

For the reasons stated above, the Plaintiff's complaint fails to state a claim upon which relief can be granted and shall be dismissed without prejudice. The Plaintiff may file an amended complaint consistent with this decision within the next 14 days. If none is filed within that time, this adversary proceeding will be dismissed without further notice or hearing. A separate order shall be entered giving effect to the determinations reached herein.

DATE: September 11, 2020                    ENTER

_____
Thomas M. Lynch
United States Bankruptcy Judge

---

[8] Plaintiff's citation to *Qualkenbush v. Harris Trust & Savings Bank*, 219 F. Supp. 2d 935, 937 (N.D. Ill. 2002), a pre-*Twombly* case which relies on the *Conley v. Gibson* standard for evaluating a Rule 12(b)(6) motion, is misplaced. In *Twombly*, the Supreme Court firmly rejected the "no set of facts" language used in *Conley* and replaced it with the requirements described above. *Twombly*, 550 U.S. at 563 (noting that "the passage so often quoted . . . has earned its retirement").